# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* B.C.

No. 17-1138 (Logan County 16-JA-9)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.J., by counsel J. Christopher White, appeals the Circuit Court of Logan County's November 27, 2017, order terminating her parental rights to B.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Karen S. Hatfield, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying her a post-dispositional improvement period; (2) failing to consider her efforts in leaving a domestically violent situation; and (3) terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition against the parents. According to the DHHR, the parents had an extensive history of domestic violence and drug use. Moreover, the petition alleged that B.C. was born addicted to controlled substances and suffered withdrawal symptoms that required the administration of methadone.[2] Petitioner thereafter waived her preliminary hearing.

In June of 2016, the circuit court held an adjudicatory hearing in regard to the mother, wherein it accepted her "admission to having a substance abuse addiction [that] impaired her ability to properly parent" the child. Petitioner additionally moved for a post-adjudicatory improvement period, which neither the DHHR nor the guardian opposed. The circuit court set

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The DHHR subsequently filed multiple amended petitions that have no bearing on this decision.

1

forth the terms and conditions of the improvement period, which included random drug screens; submission of petitioner's prescriptions with random pill counts of controlled substances; and participation in adult life skills education, parenting education, and domestic violence prevention counseling. Petitioner was also granted supervised visitation with the child, contingent upon negative drug screens and an accurate pill count.

In September of 2016, the guardian ad litem filed a report in which she asserted that petitioner left a detoxification program after only four days and was removed from a Suboxone clinic. The report also identified issues with visitation, such as the fact that one visit with the child ended early because the parents "were screaming in the presence" of the child. Further, the guardian also indicated that petitioner "continue[d] to cancel visits for inappropriate reasons (i.e. because it's raining)." Finally, the guardian noted that petitioner had recently tested positive for marijuana and methamphetamine, admitted to methamphetamine use, and was hospitalized for a suspected Neurontin overdose.

Thereafter, the DHHR filed a motion to terminate petitioner's parental rights.[3] This motion was based, in part, upon evidence of the issues addressed in the guardian's report, as outlined above. In addition, the DHHR alleged that petitioner failed to submit to domestic violence counseling, "despite multiple issues of domestic violence occurring while this matter [was] pending . . . " in the circuit court. The DHHR asserted that the parents remained in contact, despite the fact that the father continued to engage in domestic violence incidents perpetrated against petitioner. In fact, the DHHR alleged that the parents "attempt[ed] to keep their relationship secret" from the DHHR and the circuit court. Moreover, the DHHR noted that petitioner's psychological evaluation concluded that, without complying with the services offered, it was "highly unlikely that [petitioner] would be able to attain even minimally adequate parenting[.]" Finally, the DHHR alleged that petitioner "minimize[d] her addiction" and "blamed everyone from her mother to [the father] to the []DHHR . . . for her continued struggles with addiction" and the other issues of abuse and neglect.

In September of 2017, petitioner filed a motion for a post-dispositional improvement period. In support, petitioner admitted that she failed to successfully complete her post-adjudicatory improvement period, but asserted that she had undergone a substantial change in circumstances in that she submitted to psychological counseling.

In November of 2017, the circuit court held a dispositional hearing, during which it heard evidence in support of the DHHR's motion to terminate petitioner's parental rights. This included evidence of petitioner's admission to continued substance abuse during the proceedings, failure to successfully complete her post-adjudicatory improvement period, and failure to submit to a drug screen in August of 2017. Moreover, the circuit court noted that petitioner attempted at least four separate methods to address her substance abuse, none of which were successful. Further, the circuit court found that petitioner failed to address the ongoing issues of domestic violence and, in fact, continued her relationship with the father. In fact, the circuit court highlighted petitioner's testimony, in which she "continue[d] to downplay the issues of domestic

---

[3]The record shows that the DHHR also filed an amended motion to terminate petitioner's parental rights. The contents from both motions, where relevant, are addressed above.

violence" at issue and claimed that such incidents occurred between the parents "once in a blue moon." This was despite the fact that at least a dozen domestic violence incidents between the parents occurred since 2012. Highlighting the psychologist's conclusion that it would be "highly unlikely" for petitioner to improve her parenting in the absence of compliance with services, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated her parental rights.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, the Court finds no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period. On appeal, petitioner alleges that she recognized that "she still has additional work to do to address" the issues of abuse and neglect and that she would have participated in a post-dispositional improvement period, if offered. In her motion below, petitioner asserted that, because she began undergoing psychological counseling, she experienced a substantial change in circumstances that warranted a post-dispositional improvement period. We do not agree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely

---

[4]The father's parental rights were also terminated below. According to respondents, the child is placed in a foster home with a permanency plan of adoption therein.

to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Petitioner is correct that, in order to obtain a post-dispositional improvement period when a prior improvement period has been granted, West Virginia Code § 49-4-610(3)(D) requires a parent to demonstrate a substantial change in circumstances and that "due to that change in circumstances the [parent] is likely to fully participate in the improvement period[.]" However, petitioner's argument ignores the fact that the evidence overwhelmingly indicated that she had not undergone a substantial change in circumstances, as the circuit court made extensive findings about the ongoing nature of the issues of abuse and neglect. According to the record, petitioner admitted to abusing methamphetamine during the proceedings and further tested positive for marijuana on multiple occasions. Further, despite the fact that the father continued to perpetrate violence upon petitioner, the circuit court found that they continued their relationship and attempted to keep it secret during the proceedings. Most importantly, however, the circuit court specifically found that, despite petitioner's stipulation at adjudication, she "continue[d] to minimize her role" in the child's removal "and the role that addiction and domestic violence have played in her life . . . ." In fact, as late as September of 2017, petitioner testified that "'[i]f it wasn't for the DHHR,'" removal of the child would not have been necessary.

We have previously held as follows:

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based on petitioner's failure to fully acknowledge the conditions of abuse and neglect, it is clear that the circuit court did not err in denying her motion for a post-dispositional improvement period.

Further, this same evidence supports the circuit court's termination of petitioner's parental rights. In support of her assignment of error regarding termination of her parental rights, petitioner asserts that the circuit court should have imposed a less-restrictive dispositional alternative in the form of a post-dispositional improvement period. However, as set forth above, petitioner failed to satisfy the applicable burden to receive such an improvement period. Moreover, according to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical,

4

mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

As set forth above, petitioner failed to acknowledge the conditions of abuse and neglect and, therefore, was unable to follow through with the case plan or otherwise remedy the conditions of abuse and neglect. Additionally, petitioner not only failed to properly undergo treatment for her issues of substance abuse and domestic violence, but actively engaged in additional instances of the same. Accordingly, the circuit court had substantial evidence upon which to base its findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. West Virginia Code § 49-4-604(b)(6) permits circuit courts to terminate parental rights upon these findings. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, the Court finds no merit to petitioner's argument that the circuit court failed to consider "the steps taken, and the difficulty in taking such steps," by petitioner in leaving a domestically violent situation.[5] At the outset, we note that there is simply no evidence to support this assertion, as petitioner fails to identify any evidence which the circuit court allegedly failed to consider. More importantly, the record does not support petitioner's assertion that she took steps to remove herself from the perpetrator of the domestic violence at issue, as the circuit court

---

[5]In support of this assignment of error, petitioner also asserts that "with allegations of concurrent drug abuse and domestic violence, [c]ircuit [c]ourts could use additional guidance with regard to the difficulty that . . . victims have in leaving their abusers and the manner in which domestic violence can diminish a person's ability to withstand drug abuse." Petitioner then goes on to request that the Court direct the DHHR and circuit courts as to a more effective method of resource allocation and training designed to remedy the conditions of abuse and neglect in such situations. Ultimately, petitioner asserts that, "[b]ecause such a system is lacking," she seeks remand of her case for additional time to address the issues of abuse and neglect. However, the record is clear that the DHHR provided petitioner with services specifically designed to address her issues of substance abuse and domestic violence. Despite the DHHR's efforts, petitioner failed to complete four different substance abuse treatments and failed to initiate domestic violence counseling. Because the DHHR clearly offered petitioner services designed to remedy the specific conditions of abuse and neglect at issue in this matter, we decline to grant petitioner relief in this regard.

specifically found that the parents continued their relationship and kept the same a secret from the DHHR and circuit court. Accordingly, we find no error in the circuit court's consideration of the evidence below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 27, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

6